UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

| | |
|---|---|
| IVAN FERREIRA-SILVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AW PROFESSIONAL & MAINTENANCE SERVICE, INC, ANDRADE HOLDINGS, LLC, BOCA PRO SERVICES, INC., and WILMA ANDRADE, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff, IVAN FERREIRA-SILVA ("Plaintiff"), sues the Corporate Defendants, AW PROFESSIONAL & MAINTENANCE SERVICE, INC., ANDRADE HOLDINGS, LLC., BOCA PRO SERVICES, INC., and individual Defendant WILMA ANDRADE (collectively the "Defendants"), and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendants including violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"); Fla. Stat. §§ 440.205, 760.50; the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("FLSA"); and Florida common law.[1]

---

[1] Plaintiff will file a Charge of Disability Discrimination and Retaliation with the EEOC. As soon as the EEOC issues its Right to Sue, the Plaintiff will move to amend this complaint to include claims of discrimination and retaliation under the ADA and the FCRA.

1

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §2617, and by Title 29 U.S.C. §216(b).

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendants has its principal place of business within the district, resides in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Broward County, Florida.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

5. At all times material, Plaintiff was a resident of Broward County, Florida.

6. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A) and the FLSA, 29 U.S.C. § 203(e)(4)(A).

7. At all times material, Defendants was an "employer" as defined by FMLA 29 U.S.C.§ 2611(4) and FLSA 29 U.S.C. § 203(d).

8. At all times material, Corporate Defendant AW PROFESSIONAL & MAINTENANCE SERVICE, INC., was a Florida corporation having its main place of business in Broward County, Florida.

9. At all times material, Corporate Defendant ANDRADE HOLDINGS, LLC., was a Florida company having its main place of business in Broward County, Florida.

10. At all times material, Corporate Defendant BOCA PRO SERVICES, INC., was a Florida corporation having its main place of business in Broward County, Florida.

11. At all times material, Individual Defendant, ANDRADE, was Plaintiff's supervisor. Upon information and belief, ANDRADE, has resided in Broward County, Florida, and is an owner and the president of the Corporate Defendants.

12. Defendants AW PROFESSIONAL & MAINTENANCE SERVICE, INC., ANDRADE HOLDINGS, LLC., and BOCA PRO SERVICES, INC., had the right to hire, fire, assign, or direct control of employees such as Plaintiff.

13. Defendants AW PROFESSIONAL & MAINTENANCE SERVICE, INC., ANDRADE HOLDINGS, LLC., and BOCA PRO SERVICES, INC., have related activities, have a unified operation or common control and a common business purpose, to the point that they constitute a single, integrated enterprise.

14. Defendants AW PROFESSIONAL & MAINTENANCE SERVICE, INC., ANDRADE HOLDINGS, LLC., and BOCA PRO SERVICES, INC., are associated to the employment of Plaintiff in such a way that they are deemed to have shared control over Plaintiff. Defendants AW PROFESSIONAL & MAINTENANCE SERVICE, INC., ANDRADE HOLDINGS, LLC., and BOCA PRO SERVICES, INC., are joint employers and work in the direct interest of one another.

15. Upon information and belief Defendants AW PROFESSIONAL & MAINTENANCE SERVICE, INC., ANDRADE HOLDINGS, LLC., and BOCA PRO SERVICES, INC., have overlapping officers, directors, executives, or managers, share control over operations such as hiring, firing, payroll, advertising, overhead costs, and their operations are inter-mingled.

16. At all times material, Plaintiff worked for Defendants for more than 12 months.

17. At all times material, Plaintiff worked for Defendants for more than 1,250 hours.

18. At all times material, Defendants, alone or combined, employed fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

19. At all times material, Defendants, alone or combined, employed at least fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite.

20. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## PROCEDURAL REQUIREMENTS

21. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

22. On or about September 10, 2018, Plaintiff was employed by Defendants as a maintenance worker until his wrongful termination on March 2, 2021.

23. At all times material, ANDRADE was Plaintiff's supervisor.

24. Defendants considered Plaintiff a good employee.

25. From his date of hire until his unlawful termination, Plaintiff received satisfactory feedback from Defendants about his work performance.

26. Plaintiff is positive for human immunodeficiency virus.

4

27. At all times material, Defendants were aware that Plaintiff suffered from a serious medical condition requiring medical treatment every 3-6 months.

28. Defendants repeatedly ignored Plaintiff's request for time off to attend doctor appointments.

29. In response, Defendants told Plaintiff that he "cannot miss work."

30. Defendants deducted wages from Plaintiff's work every time he missed work to attend doctor appointments.

31. After frustrating attempts to obtain time-off to attend medical appointments, Plaintiff obtained a note from his doctor stating that Plaintiff needed to visit his doctor every 2-3 months.

32. Plaintiff reiterated to Defendants that he needed to visit his doctor frequently in order to monitor a serious medical condition.

33. In 2020, Plaintiff sustained a work-related injury causing him to lose a fingernail.

34. On or about February 22, 2021 Plaintiff sustained a work-related injury after a dumpster lid fell and struck him in his face. Plaintiff was confronted with extreme pain.

35. Plaintiff immediately reported both of these work-related injuries to Defendants.

36. In response, Maria Oliveria de Barrios, in a dismissive manner, told Plaintiff to "be careful next time" and did not write an incident report, nor offer Plaintiff medical treatment.

37. On or about March 2, 2021, Defendants reprimanded Plaintiff.

38. On or about March 2, 2021, Plaintiff informed Defendants that he was positive for human immunodeficiency virus.

39. In response, Defendants terminated Plaintiff's employment.

## COUNT I: DISCRIMINATION UNDER FLA. STAT. § 760.50

40. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41. Plaintiff is a person with or perceived as having human immunodeficiency virus ("HIV").

42. Plaintiff, at all times relevant, was an employee of the Defendants.

43. On or about March 2, 2021, Plaintiff informed Defendants that he had HIV.

44. In response, the Defendants terminated Plaintiff's employment.

45. Terminating an employee on the basis of HIV or perceived HIV is illegal under Fla. Stat. § 760.50.

46. Defendants intentionally or recklessly terminated Plaintiff in violation of Fla. Stat. § 760.50.

47. As a direct and proximate result of the above-described actions of Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the above described conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

A. Enter judgment in Plaintiff's favor and against Defendants for their violations of Fla. Stat. § 760.50;

B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and any other damages available under Fla. Stat. § 760.50;

C. Award Plaintiff prejudgment interest on his damages award;

D. Award Plaintiff reasonable costs and attorney's fees; and

E. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II: INTERFERENCE WITH FMLA
## RIGHTS AGAINST CORPORATE DEFENDANTS—TERMINATION

48. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

49. On March of 2021, Plaintiff was eligible for FMLA leave.

50. At all times material, Plaintiff gave proper notice to Defendants and to ANDRADE by informing them of his serious medical condition which requires consistent monitoring by a medical professional.

51. Plaintiff provided enough information for Defendants to know that his potential leave may be covered by the FMLA.

52. Despite its knowledge of Plaintiff's medical condition and need for surgery, Defendants terminated Plaintiff instead of affording him the opportunity to request FMLA leave.

53. When Defendants fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

54. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

A. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FMLA;

B. Reinstatement or compensatory mental damages;

C. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff prejudgment interest on his damages award;

F. Award Plaintiff reasonable costs and attorney's fees;

G. Award Plaintiff any further relief pursuant to the FMLA; and

H. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT III: VIOLATION OF THE FMLA
## BY CORPORATE DEFENDANTS– RETALIATION

55. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

56. Defendants terminated Plaintiff following his requests for time-off to attend doctor appointments, which constitutes a request for taking FMLA leave.

57. Defendants terminated Plaintiff because he requested FMLA leave as described above. Specifically, Plaintiff requested FMLA leave when he explained that he needed to apportion time-off every 3-6 months to attend doctor's appointments. Plaintiff's condition, which necessitated consistent monitoring and treatment, was a serious medical condition.

58. Defendants has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

59. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of his termination.

60. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Enter judgment in Plaintiff's favor and against Defendants for its violations of the FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Plaintiff liquidated damages;

D. Reinstatement;

  E. Award Plaintiff prejudgment interest on his damages award;

  F. Award Plaintiff reasonable costs and attorney's fees; and

  G. Grant Plaintiff such other and further relief as this court deems equitable and just.

**COUNT IV: WORKER'S COMPENSATION RETALIATION (FLA. STAT. § 440.205)**

  61. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

  62. This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

  63. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

  64. In or about September or October 2020, Plaintiff suffered a work-related injury and he immediately notified his supervisor ANDRADE. ANDRADE ignored Plaintiff and unlawfully failed to report the injury to Defendants' worker's compensation carrier.

  65. On or about February 22, 2021, Plaintiff suffered a work-related injury and he immediately notified his supervisor ANDRADE. ANDRADE ignored Plaintiff and unlawfully failed to report this injury to Defendants' worker's compensation carrier.

  66. In or about February 2021, Plaintiff requested worker's compensation benefits related to the injuries he reported to ANDRADE back in September or October 2020 and February 22, 2021.

  67. In response, Defendants fired Plaintiff.

  68. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought

or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

69. The motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, the Plaintiff would not have been fired but for his claiming worker's compensation benefits as described above.

70. Defendants' termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

71. By reason of Defendants' wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

72. Defendants' conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages according to proof.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; reinstatement and promotion; injunctive relief prohibiting Defendants from wrongfully discharging in the manner described above; front wages; any other relief allowed under Florida Statutes; and for any and all other relief that this Court may deem just and proper.

**COUNT V: NEGLIGENT SUPERVISION,
TRAINING AND RETENTION AGAINST CORPORATE DEFENDANTS**

73. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

74. Corporate Defendants recruited, hired, instructed, trained, employed, supervised and retained ANDRADE. Therefore, Corporate Defendants owed Plaintiff, its employee, a duty of care.

75. Corporate Defendants knew or should have known of ANDRADE's despicable actions and should have trained ANDRADE on how to conform with Worker's Compensation laws and the FMLA.

76. Corporate Defendants breached its duty to Plaintiff in allowing ANDRADE to engage in the practices described in paragraphs 27-32 and in not properly training ANDRADE.

77. Corporate Defendants failed to implement, demonstrate, discuss and confer any policies, procedures, training and supervision to ANDRADE regarding FMLA and worker's compensation laws and reporting requirements.

78. Corporate Defendants further failed to discipline ANDRADE.

79. Corporate Defendants' negligence amounted to and reflected Corporate Defendants' reckless and callous disregard to the safety and rights of Plaintiff.

80. As a direct and proximate result of the acts and omissions of Corporate Defendants, which caused, encouraged or precipitated the acts of ANDRADE, Corporate Defendants were negligent and are therefore liable to Plaintiff for the injuries he sustained at the hands of ANDRADE.

**WHEREFORE**, Plaintiff demands judgment against Corporate Defendants as follows:

A. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

B. Award a monetary judgment representing prejudgment interest;

C. Award any other compensation allowed by law, including punitive damages;

D. Grant Plaintiff costs of this action, including reasonable attorney's fees;

E. Grant such other and further relief as the Court deems just and proper.

## COUNT VI: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION AGAINST CORPORATE DEFENDANTS

81. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

82. This is an action to recover from unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq. and specifically under the provisions of 29 U.S.C. § 207(a)(1) which states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate of not less than one and a half times the regular rate at which he is employed."

83. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.  At all times pertinent to this Complaint, the Corporate Defendants operate as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provide its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicits fund from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum.

84. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff was engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants'

business activities involve those to which the Act applies. The Corporate Defendants, through its business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce.

85. During the course of employment with Corporate Defendants, Plaintiff routinely worked in excess of forty (40) hours per week without being compensated as a rate of not less than one and one half times the regular rate at which he was employed.

86. Plaintiff was paid between $700.00 and $900.00 bi-weekly from on or about September 10, 2018 to March 2, 2021, but has not been properly paid overtime wages for the hours he worked in excess of forty (40) per week.

87. Plaintiff worked approximately, subject to discovery, fifty-four (54) hours per week for the Corporate Defendants.

88. Plaintiff was paid only for regular full time hours up to forty (40) hours per week and was not paid overtime wages as required by law. Plaintiff seeks to recover unpaid wages accumulated from the date of hire until the date of his termination.

89. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

    a. **Actual Damages**: **$27,300.00**

        i. **Calculation:** $15.00 (overtime wage rate) x 14 (approximate overtime hours per week) x 130 (compensable weeks) = $27,300.00

    b. **Liquidated Damages: $27,300.00**; representing an equal amount in double damages/liquidated damages.

    c. **Total Damages: $54,600.00;** plus reasonable attorneys' fees and costs of suit.

90. At all times material, Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by to pay them at the rate of time and one half for all hours in excess of forty (40) per workweek as provided in the Act.

91. Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Act and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Corporate Defendants as set forth above, and Plaintiff is entitled to recover double damages. Corporate Defendants never posted any notice, as required by the Act and Federal Law, to inform employees of their federal rights to overtime wage payments.

92. Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement Plaintiff's employment with Corporate Defendants as set forth above.

93. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Corporate Defendants on the basis of Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages

and overtime compensation, with interest plus reimbursement; and

      C.      Award Plaintiff an equal amount in double damages/liquidated damages; and

      D.      Award Plaintiff reasonable attorneys' fees and costs of suit; and

      E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT VII: WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY PLAINTIFF AGAINST ANDRADE

94.    Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

95.    At the times mentioned, the Individual Defendant was, and is now, an officer of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that the individual Defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, made pay decisions relating to Plaintiff's employment with the Corporate Defendants, and is jointly liable for Plaintiff's damages.

96.    The Individual Defendant is, and was at all times, a relevant person in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act.

97.    The Individual Defendant willfully and intentionally caused Plaintiff not to receive proper overtime wage compensation as required by the laws of the United States as set forth above and remains owing Plaintiff overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

98.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Individual Defendant on the basis of the Individual Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: July 15, 2021.

Respectfully submitted,

By: /s/ Tanesha Blye
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549