**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:21-cv-61442-KMM

IVAN FERREIRA-SILVA,

    Plaintiff,
v.

AW PROFESSIONAL &
MAINTENANCE SERVICE, INC., *et al.*,

    Defendants.
_____ /

## **ORDER**

THIS CAUSE came before the Court upon Plaintiff Ivan Ferreira-Silva's ("Plaintiff") Motion for Leave to Amend Complaint and for 3-Month Extension of All Pre-Trial and Trial Deadlines. ("Mot.") (ECF No. 38). Therein, Plaintiff requests permission to file an amended complaint to add "claims of discrimination and retaliation based on disability/handicap, gender, sexual orientation, and genetic information." Mot. at 3. In addition, Plaintiff requests a three-month extension of all pretrial and trial deadlines in the event his request for leave to amend is granted. *Id.* Defendants filed a response in opposition. ("Resp.") (ECF No. 40). Plaintiff filed a reply. ("Reply") (ECF No. 41). The Motion is now ripe for review.

**I.    BACKGROUND**

On July 15, 2021, Plaintiff Ivan Ferreira-Silva commenced this action, asserting seven claims against Defendants, which are his corporate employers and their owner: discrimination under Florida Statutes § 760.50 for terminating Plaintiff because he is positive for human immunodeficiency virus ("HIV"); terminating Plaintiff, in violation the Family and Medical Leave Act ("FMLA"); retaliating against Plaintiff, in violation of the FMLA; worker's compensation

retaliation under Florida Statutes § 440.205; negligent supervision, training, and retention; wage and hour statutory violations against the corporate Defendants under the Fair Labor Standards Act ("FLSA"); and FLSA violations against the individual Defendant. *See generally* ("Compl.") (ECF No. 1). Trial in this case is currently set for the two-week trial period beginning June 20, 2022. (ECF No. 17). The deadline to amend the pleadings was November 8, 2021, the deadline to complete discovery was March 12, 2022, and the deadline to file pretrial motions, such as motions for summary judgment, *Daubert* motions, and motions *in limine*, was April 1, 2022. *Id.*

On July 26, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on disability/handicap, gender, sexual orientation, and genetic information.[1] *See* (ECF No. 38-1). On March 31, 2022, the EEOC issued Notices of Right to Sue. (ECF No. 38-1). Defendants filed their Motion for Summary Judgment the next day on April 1, 2022. (ECF No. 23). Briefing on the Motion for Summary Judgment closed on May 6, 2022. (ECF No. 36).

On May 9, 2022, Plaintiff filed the instant request to file an amended complaint to plead additional claims of discrimination and retaliation based on disability/handicap, gender, sexual orientation, and genetic information.[2] *See generally* Mot.

## II.    LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b),

---

[1]    Plaintiff's July 15, 2021 Complaint stated, "Plaintiff will file a Charge of Disability Discrimination and Retaliation with the EEOC. As soon as the EEOC issues its Right to Sue, the Plaintiff will move to amend this complaint to include claims of discrimination and retaliation under the ADA and the FCRA." Compl. at 1 n.1.

[2]    Given the approaching trial date and Defendants' pending motion for summary judgment, the Court ordered expedited briefing. (ECF No. 39).

2

(e), or (f)." Fed. R. Civ. P. 15(a)(1)(B).  Beyond that, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The decision whether to grant leave to amend is committed to the sound discretion of the trial court.  *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 622 (11th Cir. 1983).  Normally, "[a] court may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment."  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (alterations incorporated) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)).  And, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

However, "[a] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)."  *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (citing *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)).  To establish good cause, the party seeking modification to the scheduling order must establish that the schedule could not be met despite the party's diligence."  *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013); *see also Sosa*, 133 F.3d at 1419.  A Plaintiff must first demonstrate good cause under Rule 16(b) before a court will consider whether amendment is proper under Rule 15(a).  *Sosa*, 133 F.3d at 1419.

**III.   DISCUSSION**

Plaintiff's request to amend the Complaint is made after the deadline set forth in the Court's

3

Paperless Order Scheduling Trial (ECF No. 17), thus Plaintiff must demonstrate good cause to amend the Complaint. That is, Plaintiff must establish that he could not have met the deadline set forth in the Paperless Order Scheduling Trial despite his diligence.

Plaintiff argues that there is good cause for the proposed amendment because Plaintiff's proposed, new allegations "could not have previously been included as separate counts based upon the governing statutes' requirements to file a charge of discrimination as condition precedent to bringing an action." Mot. at 4. Plaintiff informs the Court that the EEOC did not issue a Right to Sue until March 31, 2022, which was the day before the deadline to file pretrial motions. *Id.* Defendants "concede Plaintiff could not have brought his Title VII, ADA, and FCRA claims in this action prior to getting his Notice of Right to Sue from the EEOC." Resp. at 3.

To establish good cause, the party seeking modification to the scheduling order must establish that the schedule could not be met despite the party's diligence." *Ashmore*, 503 F. App'x at 685; *Sosa*, 133 F.3d at 1419. "The lack of diligence that precludes a finding of good cause is not limited to a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes." *S. Grouts & Mortars, Inc.*, 575 F.3d at 1241 n.3 (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)). Rather, "[t]hat lack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order." *Id.* A plaintiff's "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007).

Here, Defendants do not dispute that Plaintiff could not have timely sought his proposed amendments to the Complaint within the deadline set forth by this Court's scheduling order. Plaintiff's Charge of Discrimination was filed in July of 2021 shortly after the filing of the Complaint, and the EEOC did not issue its Notice of Right to Sue until the day before the deadline to file pretrial motions. (ECF No. 38-1). The Notice of Right to Sue is a condition precedent to bringing suit. *See Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017) ("An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act."). The Court agrees that Plaintiff could not have timely filed his motion to amend the Complaint to include his new, proposed claims, because the EEOC Notice of Right to Sue did not issue until after the deadline to amend the pleadings set forth in this Court's scheduling order.

However, the Court finds that amendment is not appropriate under Federal Rule of Civil Procedure 15 given the late juncture of this litigation. On this point, Plaintiff argues that his motion to amend does not follow any undue delay or involve dilatory motive or bad faith. Mot. at 4. Rather, Plaintiff argues that, at the time the Notice of Right to Sue issued, Plaintiff's counsel was preparing for "two federal trials before this Court and the Middle District of Florida and has since tried a federal case before this Court." *Id.* Plaintiff's counsel also suffered a death in her family. (ECF No. 27) at 2; Mot. at 5 n.1. And Plaintiff notes that Defendants have been on notice of Plaintiff's intent to add claims for discrimination and retaliation, as Plaintiff noted his intent to do so in the Complaint upon initiating this action. Mot. at 5; *see also* Compl. at 1 n.1. Defendants oppose amendment because Plaintiff waited almost six (6) weeks from the issuance of the Notice of Right to Sue to file the instant Motion. Resp. at 3. Defendants argue that Plaintiff allowed them "to spend significant time, money and resources drafting and filing their summary judgment

5

motion and supporting Reply," and "now is re-pleading his proposed new counts in an attempt to cure deficiencies in his original Complaint." *Id.* at 3–4. Plaintiff replies that he is permitted ninety (90) days, until June 29, 2022, to seek to amend his lawsuit based on the issuance of the Notice of Right to Sue. Reply at 4–5. Plaintiff further emphasizes that, during this almost six-week period, Plaintiff's counsel was involved in various trials. *Id.* at 5. Plaintiff also argues that "it is difficult to see how adding Plaintiff's Title VII, ADA and FCRA claims to this suit is any more 'prejudicial' to the Defendants than the filing of an entirely new action against Defendants in state court." *Id.* at 6.

The Court agrees that Plaintiff could not have sought leave to amend the complaint until after the deadline to do so. However, "[i]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions," as in this case. *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002). The Court recognizes that Defendants have been on notice since the filing of the Complaint in this case that Plaintiff would seek leave to amend the complaint upon the issuance of the EEOC's Notices of Right to Sue. Compl. at 1 n.1. But the trial in this matter is currently set for June 20, 2022, and briefing on Defendants' Motion for Summary Judgment closed before Plaintiff filed the instant Motion.[3] And Plaintiff has asserted that, "[i]f leave to amend is denied, Plaintiff will simply file a separate lawsuit alleging the same claims against the same defendants as he proposes to do in the proposed amended complaint,

---

[3] The Court recognizes that Plaintiff did not file the instant Motion until almost six (6) weeks after receiving the EEOC's Notices and after briefing on Defendants' Motion for Summary Judgment has closed, as Plaintiff's counsel was involved in two trials in the Middle and Southern Districts of Florida during that time and suffered a death in her family. On April 12, 2022, Plaintiff moved for a four-week extension of time to file a response to Defendants' Motion for Summary Judgment on this basis, which was granted in part and denied in part. (ECF Nos. 25, 26).

requiring Defendants to undertake whatever additional discovery or motion practice that might be required in this case." Reply at 6. Thus, even though the prejudice Defendants stand to suffer is minimized if Plaintiff in fact intends to file a separate case for these claims, permitting amendment at this juncture would unduly delay this litigation by requiring the Court to reschedule the trial, reopen discovery, and permit the filing of renewed pretrial motions.

### IV.    CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff Ivan Ferreira-Silva's Motion for Leave to Amend Complaint and for 3-Month Extension of All Pre-Trial and Trial Deadlines (ECF No. 38) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of May, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  All counsel of record